FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 2 5 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

OPINION AND ORDER
CR 12-0698 (SJF)

EDUARD MUNTEANU,

Defendant.

------------------------------------------------------------X

FEUERSTEIN, District Judge.

Before the Court is the government's motion to quash the trial subpoena served on November 5, 2013 on the Court Security Officer Service in the United States District Court, Eastern District of New York, by defendant Eduard Munteanu. Defendant seeks production of the sign-in sheet for October 2, 2012 from the log in the lobby of the United States Attorney's Office located at 100 Federal Plaza, Central Islip, New York. For the following reasons, the government's motion to quash defendant's subpoena is **GRANTED**.

I. Background

A. Facts[1]

On October 2, 2012 at approximately 4:20 p.m., agents from the Drug Enforcement Agency Task Force observed defendant walking from a hotel located in Suffolk County, New York to his vehicle, which was parked in the hotel's lot. Defendant was arrested based on two (2) outstanding Suffolk County arrest warrants. Agents found a mobile phone and a room pass key in defendant's possession. At that time, Detective Robert Stueber ("Stueber") was at the federal courthouse in Central Islip, New York drafting an affidavit in support of an application for a search warrant for

---

1. The detailed facts of this case are set forth in this Court's Order dated June 12, 2013 (DE 27) and are repeated here only to the extent necessary to decide the pending motion.

defendant's hotel room. After the agents notified Stueber of the arrest, he asked them to find out defendant's hotel room number so he could include it in his affidavit.

At approximately 4:25 p.m., a hotel employee at the front desk informed DEA Detective Sergeant Andrew Nimmo ("Nimmo") that defendant was staying in room 300, which information Nimmo relayed to Steuber. The warrant application was submitted to Magistrate Judge Arlene R. Lindsay's chambers at approximately 4:41 p.m.

Unbeknownst to Stueber, the hotel employee also told Nimmo that defendant may have had a female companion while he was at the hotel. Concerned that someone was in the hotel room who could destroy any contraband, Nimmo and Detective Frank Cabra entered room 300. According to the government, they only searched those areas of the room where an adult could hide. They did not search luggage located on the bed. Nothing about the warrantless search was included in Stueber's affidavit.

At approximately 5:18 p.m. and after Magistrate Judge Lindsay authorized the search, Stueber contacted the DEA agents and directed them to search defendant's hotel room. The agents found four (4) packages containing approximately 250 grams of a compressed whitish powder. A field test of one (1) package showed the presence of cocaine.

On October 3, 2012, defendant was named in a complaint charging him with possession with intent to distribute 500 grams or more of cocaine. On November 8, 2012, defendant was indicted on that charge. He was arraigned November 14, 2012 and pled not guilty.

B. **Case History**

On April 24, 2013, defendant moved to suppress the seized cocaine and his post-arrest admissions and to compel the government to produce certain evidence. DE 25-1. By Order dated

June 12, 2013, the Court, based on the independent source doctrine,[2] denied defendant's motion to suppress the seized cocaine and his application for a *Franks*[3] hearing. DE 27 pp. 9-10. It also held there was probable cause for the search warrant. Further, the Court denied as premature defendant's application to compel the government to provide Federal Rule of Evidence 404(b) disclosures and impeachment evidence. *Id.* at p. 12. With respect to defendant's claim that he did not receive his *Miranda*[4] warnings, the Court ordered an evidentiary hearing for July 10, 2013. *Id.* at p. 11. After the hearing, the Court denied defendant's motion to suppress his post-arrest statements. It held that the government met its burden of establishing a valid waiver by defendant of his *Miranda* rights and that his post-arrest statements were voluntary. DE 32 p. 4.

On July 17, 2013 and prior to the hearing on the *Miranda* issue, defendant moved for reconsideration of the Court's Order denying his motion to suppress the cocaine. DE 28. By Order dated August 1, 2013, the Court granted reconsideration and upon reconsideration, denied defendant's motion on substantially the same grounds as the original Order, i.e., that there was probable cause for the search warrant and the evidence in support was independent of the warrantless search. DE 34.

On November 5, 2013, defendant caused a subpoena to be issued to the Court Security

---

2. Pursuant to the independent source doctrine, "evidence may be admissible when law enforcement obtains a valid search warrant . . . based on sources entirely unconnected to the unlawful search." *United States v. Borrero*, No. 13 Cr. 58, 2013 WL 5797126, at *7 (S.D.N.Y. Oct. 28, 2013) (citing *United States v. Bonczek*, 391 Fed. App'x 21, 24 (2d Cir. 2010)).

3. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) ("[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.").

4. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) ("Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.").

Officer Service located at the federal district courthouse in Central Islip, New York. Specifically, the subpoena seeks production of the sign-in log located in the lobby of the United States Attorney's Office ("USAO") for October 2, 2012. The government now moves to quash the subpoena.

## II. Discussion

### A. Standards for Rule 17(c) Subpoenas

In pertinent part, Federal Rule of Criminal Procedure 17(c)(1) provides that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." "The purpose of a 17(c) subpoena is 'to implement the Sixth Amendment guarantee that the defendant shall have compulsory process to obtain evidence in the defendant's favor.' " *United States v. Ferguson*, No. 06 Cr. 137, 2007 WL 2815068, at *2 (D. Conn. Sept. 26, 2007) (quoting 25 James Wm. Moore et al., Moore's Federal Practice § 617.08[1] (3d ed. 2007)).

"Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Nor may Rule 17(c) be used prior to trial to uncover evidence for impeachment purposes. *See United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) ( "[B]ecause such statements ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial, impeachment statements, although subject to subpoena under rule 17(c), generally are not subject to production and inspection by the moving party prior to trial."). Furthermore, any information sought pursuant to Rule 17(c) must be relevant and admissible at the time it is sought. *See United States v. Marchisio*, 344 F.2d 653, 669 (2d Cir. 1965) ("Unlike the rule in civil actions, a subpoena *duces tecum* in a criminal action is not intended for the purpose of discovery; the document sought must at that time meet the tests of relevancy and admissibility."). Thus, Rule 17(c)(2) provides that "[o]n motion made promptly, the

court may quash or modify the subpoena if compliance would be unreasonable or oppressive."

To establish that production would not be "unreasonable or oppressive," the party seeking the information must demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). "Because this four-tiered test is composed of factual issues that must be resolved by the trial court, the decision to quash or modify a subpoena duces tecum must be left to the trial judge's sound discretion." *In re Irving*, 600 F.2d 1027, 1034 (2d Cir. 1979) (citing *Nixon*, 418 U.S. at 702).

### B. The Government's Motion to Quash

The government moves to quash defendant's subpoena seeking production of the sign-in log located in the lobby of the USAO in the federal courthouse in Central Islip, New York for October 2, 2012. In support of its motion, the government claims that the subpoena at issue has no clear evidentiary purpose at trial and is overbroad, inadmissible and a "fishing expedition." DE 29 p. 4.

With respect to the first *Nixon* factor, the Court finds that the document sought is not evidentiary or relevant because it does not tend to prove a material fact in the case. *See United States v. Murray*, 297 F.2d 812, 821 (2d Cir. 1962) (holding that Rule 17(c) "is a device solely for the obtaining of evidence for the use of the moving party . . . [where] it is necessary that he do so in order to make use of the material as evidence"); *United States v. Weisberg*, No. 08 Cr.

347, 2010 WL 5027537, at *2 (E.D.N.Y. Dec. 3, 2010) ("The relevance and admissibility requirements of Rule 17(c) have not been satisfied because Defendant has not established, nor does it appear that he *could* establish, that the categories of documents he seeks . . . consist of evidence that would tend to prove a material issue of the case or would be admissible at trial.").

Here, defendant seeks production of the sign-in log to verify that Detective Stueber was actually in the USAO on October 2, 2012, as the detective has so sworn a number of times before this Court and the grand jury in this case. Defendant argues that if the log reveals that Stueber was not in the USAO at the time of his arrest, but instead was at the hotel and engaged in the warrantless search of the hotel room, the government's entire version of the case is case in doubt. DE 38 p. 3.

The page from the sign-in log, however, is not evidentiary because it does not tend to establish that if Detective Stueber was not in the USAO when he claimed to be, then he was at the hotel when defendant was arrested. Nor does it tend to show that Stueber engaged in the warrantless search of defendant's hotel room. All the sign-in sheet establishes is that Stueber was either in the USAO or not on October 2, 2012.

If and when Stueber testifies at defendant's trial, the document sought *may* become relevant as impeachment evidence. *See, supra, United States v. Cuthbertson.* Consequently, if the detective's testimony concerning his whereabouts on October 2, 1012 is inconsistent with his previous statements, defendant typically would be granted permission to renew his subpoena seeking production of the log.

However, by reply letter dated November 24, 2013 (DE 39), the government advised the Court that on November 13, 2013, it provided defendant with a copy of the potentially relevant

portion of the sign-in log in an attempt to resolve this matter.[5] According to the government, the document shows that Detective Steuber was at the USAO on October 2, 2012 to prepare the affidavit for the search warrant. Despite this, defendant refused to withdraw his subpoena. Accordingly, defendant may renew his subpoena only to the extent he seeks relevant and admissible evidence not contained in the document already provided by the government.

## III. Conclusion

Because the document sought pursuant to defendant's subpoena lacks an evidentiary basis, the government's motion to quash the subpoena seeking production of the sign-in sheet for October 2, 2012 from the log maintained in the United States Attorney's Office in the federal building in Central Islip, New York is **GRANTED**. Accordingly, defendant's subpoena dated November 5, 2013 is quashed.

SO ORDERED.

Dated: November 26, 2013
       Central Islip, New York

                                                s/ Sandra J. Feuerstein

                                                Sandra J. Feuerstein
                                                United States District Judge

---

5. From the government's reply letter, it appears that it sent defendant a redacted copy of the sign-in page for the relevant date.